IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| TINA STRAMBLER, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 7:17-cv-132 |
| § | |
| LAREDO PETROLEUM and § | |
| MARK ELLIOTT, § | |
| § | |
| § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441(a) Defendants LAREDO PETROLEUM, INC. ("Laredo Petroleum") and MARK ELLIOTT ("Elliott") (collectively, "Defendants") hereby remove to this Court the civil action filed in the 142nd Judicial District of Midland County, Texas, styled *Tina Strambler v. Laredo Petroleum and Mark Elliott*, Cause No. CV53446, upon showing that all prerequisites for removal are satisfied, as follows:

### I.   INTRODUCTION

1. On or about May 31, 2017, Plaintiff filed the Original Petition in the 142nd Judicial District Court in Midland County, Texas, styled as noted above. (See Exhibit A-2, Appendix 3-20).

2. Plaintiff alleges in the state court proceeding sex discrimination, sexual harassment, hostile work environment, and retaliation claims. Attached to Plaintiff's Original Petition are Plaintiff's Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC"), a Federal Agency, and Notice of Complainant's Right to File Civil Action issued by the Texas Workforce Commission ("TWC"). (See Exhibit A-2, Appendix 19-20). These Notices were issued following the expiration of Plaintiff's Charge of Discrimination ("Charge")

with the EEOC, which alleged sex, disability, and other discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1968, the Americans with Disabilities Act, and the comparable provisions of Chapter 21 of the Texas Labor Code. (See Exhibit B, Appendix 32).

3. Defendant Laredo Petroleum was served with Plaintiff's Original Petition on June 7, 2017. Defendant Mark Elliott was served with Plaintiff's Original Petition on June 6, 2017. Defendants are represented by the undersigned counsel.

4. Plaintiff's cause of action arises out of her employment with Defendant Laredo Petroleum and her interactions with Defendant Mark Elliott during her employment.

5. On June 27, 2017, Defendants timely filed their Original Answer, including certain affirmative defenses and a general denial regarding all of Plaintiff's claims. (See Exhibit A-6, Appendix 28-31).

## II. CONSENT TO REMOVAL

6. Defendants are represented by undersigned counsel and consent to removal of this case from state court to this Federal Court, as shown by counsel's signature below and Declarations attached hereto as Exhibits C and D, Appendix 34-37. Defendants Laredo Petroleum and Mark Elliott consent to removal. Counsel has been authorized by Defendants to represent to the Court on their behalf that they consent to removal.

## III. DEFENDANTS' DENIAL OF PLAINTIFF'S CLAIMS

7. Defendants do not admit, and will contest, if necessary and at the appropriate time, the various allegations in Plaintiff's Original Petition, as noted in Defendants' Original Answer and Affirmative Defenses filed in the state court proceeding.

## IV.     GROUNDS FOR REMOVAL

**A. Defendants Have Met The Requirements for Removal.**

8. Defendants' removal is timely, as required under 28 U.S.C. § 1446(b). As previously stated, Defendant Laredo Petroleum was served on June 7, 2017, and Defendant Elliott was served on June 6, 2017. Defendants timely filed this Notice of Removal within 30 days of the date of service of the petition from the state court proceeding. Defendants file this Notice of Removal subject to and without waiving any defenses or objections to the Original Petition allowed under the Federal Rules of Civil Procedure.

9. Venue is proper in this Court because Plaintiff filed her Original Petition in the 142nd Judicial District Court of Midland County, Texas. The United States District Court for the Western District of Texas, Midland-Odessa Division is the federal judicial district embracing the state court where Plaintiff filed her Original Petition. Therefore, venue is proper in this Federal District Court under 28 U.S.C. § 1441(a) and 1446(a).

10. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit A, a copy of all process, pleadings, and orders served upon Defendants in the referenced state court proceeding, as well as all state court documents. Defendants have complied with the Western District of Texas's Local Rules for removal by providing the requisite attachments and will give notice to the state court regarding removal. A copy of the written notice is attached hereto as Exhibit E, Appendix 38-39.

**B. There Is Federal Question Jurisdiction.**

11. There is federal question jurisdiction under Plaintiff's causes of action. Federal district courts are courts of limited jurisdiction and have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Because the Plaintiff is the master of her complaint, whether Plaintiff's cause of action presents a federal question "depends on the allegations of the [Plaintiff's] well-pleaded complaint." *Davoodi v. Austin Indep. School Dist.*, 755 F.3d 307, 309 (5th Cir. 2014) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

12.  Plaintiff seeks relief for her claims of sex discrimination, sexual harassment, hostile work environment, and retaliation.  Plaintiff attaches to her lawsuit the Notice of Right to Sue issued by the EEOC.  She also references her EEOC Charge in her Original Petition.  (See Exhibit A-2 ¶ 4.30, Appendix 13).

13.  Plaintiff's Notice of Right to Sue issued by the EEOC states: "This is your Notice of Right to Sue, issued under Title VII, the ADA, or GINA based on the above-numbered charge." (See Exhibit A-1).  Because Plaintiff attached the Notice of Right to Sue to her Original Petition, it became part of her pleading for all purposes.  *See Davoodi*, 755 F.3d at 310 (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for *all purposes*.") (emphasis added)).  Therefore, Plaintiff's claims of discrimination and retaliation are made under federal law – specifically, Title VII of the Civil Rights Act of 1968.

14.  Furthermore, Plaintiff clearly states in her Original Petition that "Defendant Laredo retaliated against Plaintiff by filing these criminal charges because of Plaintiff's filings with the EEOC against them."  (Exhibit A-2, Appendix 13).  Therefore, Plaintiff's claim of retaliation is based upon her action of filing a federal EEOC Charge and is brought under federal law.

15.  Based on the allegations in Plaintiff's complaint, this Court has subject matter jurisdiction because Plaintiff's claims raise a federal question.  Therefore, removal from state court to this Federal Court is appropriate.

**C. Jury Demand.**

16.   Plaintiff demanded a jury in the state court action.

## V.   PRAYER

WHEREFORE, premises considered, Defendants pray that further proceedings in the 142nd Judicial District Court of Midland County, Texas be discontinued, that this action be recognized as removed and pending on the docket of this Honorable Court in the Western District of Texas, Midland-Odessa Division, and that this Court enter any and all necessary orders or process so that this lawsuit may proceed as if it was originally commenced in this Court.

Respectfully submitted,

**THE MYERS LAW GROUP, LLP**

By:   */s/ Angella H. Myers*
      Angella H. Myers
      Texas Bar No. 24027229
      amyers@myerslawllp.com
      Janice S. Parker
      Texas Bar No. 15488050
      jparker@myerslawllp.com
      Kathleen Cruz
      Texas Bar No. 24097553
      kcruz@myerslawllp.com
      8144 Walnut Hill Lane, Suite 390
      Dallas, Texas 75231
      Telephone:   (972) 781-2400
      Facsimile:   (972) 781-2401

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  The undersigned certified that a true and correct copy of this pleading was served upon all counsel via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [√] email, [√] Notice of Electronic Court Filing on this **29th** day of **June**, 2017.

W.D. Masterson  
Kilgore & Kilgore, PLLC  
3109 Carlisle  
Dallas, Texas 75204-2471  
(214) 969-9099  
(214) 953-0133 (fax)  
wdm@kilgorelaw.com

*Counsel for Plaintiff*

            */s/ Angella H. Myers*  
            Angella H. Myers