## INDEX TO EXHIBIT A
## DEFENDANTS' NOTICE OF REMOVAL

1.   05/31/2017   Civil Case Information Sheet for Midland County District Court
Case No. CV53446

2.    05/31/2017   Plaintiff's Original Petition

3.   05/31/2017   Civil Docket Sheet

4.   06/09/2017   Citation Served on Defendant Mark Elliott

5.   06/13/2017   Citation Served on Defendant Laredo Petroleum

6.   06/27/2017   Defendants' Original Answer and Affirmative Defenses



EXHIBIT
A

2



**CIVIL CASE INFORMATION SHEET**

CV53446

Filed 5/31/2017 12:50:38 PM
Ross Bush
District Clerk
Midland County, Texas

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED TINA STRAMBLER v. LAREDO PETROLEUM AND MARK ELLIOTT
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** W.D. Masterson  **Email:** wdm@kilgorelaw.com | **Plaintiff(s)/Petitioner(s):** Tina Strambler | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 3109 Carlisle Street  **Telephone:** (214) 379-0813 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, TX 75204  **Fax:** (214) 379-0841 | **Defendant(s)/Respondent(s):** Laredo Petroleum  Mark Elliott | **Custodial Parent:** _____ |
| **Signature:** /s/W.D. Masterson  **State Bar No:** 13184000 | | **Non-Custodial Parent:** _____  **Presumed Father:** _____ |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract:___ | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability:___ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property:___ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract:___ | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product:___ ☐Other Injury or Damage:___ | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other:___ | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other:___ | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child:___ |
| **Employment** | **Other Civil** | | | |
| ☒Discrimination ☒Retaliation ☒Termination ☐Workers' Compensation ☒Other Employment: Defamation | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other:___ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other:___ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

**EXHIBIT A-1**

2

Filed 5/31/2017 12:50:38 PM
Ross Bush
District Clerk
Midland County, Texas

Jaylynn White

CAUSE NO. _CV53446_

| | | |
|---|---|---|
| TINA STRAMBLER, | § | IN THE DISTRICT COURT Jaylynn White |
| | § | |
| Plaintiff, | § | |
| | § | _147_  JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| LAREDO PETROLEUM and | § | MIDLAND COUNTY, TEXAS |
| MARK ELLIOTT, | § | |
| | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Tina Strambler ("Plaintiff"), complains of Defendants Laredo Petroleum a corporation ("Defendant" or "Laredo") and Mark Elliott, an individual, ("Defendant" or "Elliott") (Elliott and Laredo being sometimes referred to collectively as Defendants"). For causes of action Plaintiff shows the Court as follows:

### I.

### CASE LEVEL

1.01    Discovery is intended to be conducted under Level 2 of T.R.C.P. 190.

### II.

### PARTIES

2.01 . Plaintiff Tina Strambler is an individual who can be contacted in care of her undersigned counsel. The last three numbers of the Plaintiff's social security number are: 100.

2.02    Defendant Mark Elliott is an individual who can be served at his place of employment at Laredo Petroleum, 508 W. Wall Street, Midland, Texas 79701.

EXHIBIT
A-2

2.03     Defendant Laredo Petroleum is a corporation qualified to transact business in the State of Texas.  Defendant may be served by delivery of process to its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### RELIEF AND JURISDICTION

3.01     Pursuant to T.R.C.P. 47 Plaintiff states that Plaintiff seeks monetary relief over $1,000,000.  The damages sought are within the jurisdictional limits of this Court.  The maximum amount claimed by Plaintiff is $5,000,000.

### IV.

### BACKGROUND FACTS

4.01     Plaintiff took a job as Sr. Administrative Assistant at Defendant Laredo on November 17, 2011 making $58,600 per year.  She was then promoted to Executive Assistant and given a raise on August 1, 2012 to make $61,530 per year.  Plaintiff was given another promotion to Executive Assistant/Office Coordinator on February 23, 2014 with a salary increase to $68,806.  This was the last raise given to Plaintiff before being terminated on September 30, 2016.  The vice president of Geology at Laredo was Mark Elliott, who was Plaintiff's boss.

4.02     On December 6, 2014, during the company Christmas party Plaintiff was sexually harassed by a Laredo manager by the name of Roger Padron.

4.03     The first incident happened when Padron first arrived and picked up his name badge. There were rooms that had been cancelled because the senior officers were not able to make the trip so Plaintiff had given the rooms out to employees who could use them so they

Appendix 004

could spend the night in the room after the party to avoid driving home at night after drinking. Since Plaintiff already had the room keys Plaintiff placed them inside the employee's name badges. When Padron got his name badge he noticed another name badge had a room key and asked "so where's my hotel key at?" Plaintiff told him that she had only put room keys on the badges that were for employees who would be spending the night. He then said "oh so you have my room key?" Plaintiff said no you still need to check in at the hotel under your name. He then said "I bet you have my room key don't you?" Plaintiff proceeded to help the other guests get their name badges and just ignored Padron.

4.04    As the night went on, Plaintiff noticed every time she would leave the main event area and go to the lobby he was there going to the bathroom. At first Plaintiff didn't think anything of it but after the next couple of times, Plaintiff knew it wasn't just a coincidence because he approached Plaintiff at the table and put his arm around Plaintiff's waist, which made her very uncomfortable.  Plaintiff's husband was in the area across the hall. Plaintiff knew her husband wouldn't appreciate another man touching her on her waist so Plaintiff moved away from Padron but he was persistent.  Padron kept holding on to Plaintiff's waist and said, "you still have my room key don't you, so you're going to come to my room right?"  Plaintiff was offended by these comments because Plaintiff is married and for him to even think Plaintiff would give him the time of day was just appalling to Plaintiff. Plaintiff quickly moved away from him and said "hell no."  Plaintiff told him to leave her alone saying, "I'm married and my husband is in the other room."  He made some other comments but Plaintiff walked away, telling him "you're drunk dude, go home".

4.05    This happened several times throughout the evening and Plaintiff would make sure someone was around if he was in her presence.  The last incident happened while Plaintiff and Amanda Hasty were putting the gifts in bags. Padron was really intoxicated and came over to where they were. Amanda walked away saying, "oh here comes the creeper." That's when Padron approached the Plaintiff and began making comments about her going to his hotel room. Padron told Plaintiff she was sexy and made other comments that made Plaintiff very uncomfortable. Plaintiff told Padron to back off. Padron then went back in the main event area. At one point the director of CAF, Kelly Blackwell, had to tell Padron to get off the table as he was trying to dance.  This happened after everyone was gone except for about 6 employees who stayed to clean up and load up the gifts for the toy drive.

4.06    While Plaintiff was finishing up with the band one of the bartenders walked in and told Plaintiff that some guy just pushed her husband outside.  So just as Plaintiff was heading to the door, Plaintiff's husband walked in and said, "you better get your coworker because he just pushed me, and he's lucky you're an employee at Laredo because I was fixing to knock him out." Plaintiff asked her husband what happened and he just said that Padron said he was being "racist". Plaintiff's original thought was that maybe her husband saw Padron flirting with her and confronted him but that wasn't the case, he said they were outside talking and then Padron got upset and pushed him.

4.07    The following week, Marco Barreno, an employee at Defendant Laredo who was also in attendance at the party told Plaintiff that they kept telling Padron that Plaintiff was married and if he was going to flirt with her he dang sure should not do it in front of everyone and especially not when her husband was around.  When he told Plaintiff that, Plaintiff knew that

Padron knew what he was doing the entire night and it wasn't because he was drunk.

4.08   Plaintiff waited to discuss this issue with her boss, Mark Elliott, until he got back from his 2 week vacation. Plaintiff could have called the hotline but Plaintiff didn't want to stay anonymous. Plaintiff wanted her voice to be heard that sexual harassment in the work place was not to be tolerated.

4.09   On Monday, December 22, 2014 Plaintiff met with Mark Elliott and gave him a brief description of what happened.  Elliott suggested she meet with him and Bill Nall who Padron reported to.  Plaintiff emailed Bill Nall and he came down immediately.  Plaintiff told Nall and Elliott what happened.  Elliott suggested they meet with Christi Adams on Monday, December 29th when she returned to the office to discuss the incident further.

4.10   Plaintiff reached out to Amanda Hasty to see if she would give a statement about what she witnessed, but with her husband working under Padron Hasty did not want to get involved. Plaintiff knew this was not true because she specifically told Plaintiff he was being "creepy" with her and if her husband saw him it wouldn't be good.

4.11   When Christi Adams returned to the office on December 29, 2014 Plaintiff met with Human resources and submitted her written complaint. They did an internal investigation and then submitted a letter explaining their findings and basically making her feel like it was her fault that she waited two weeks to report the incident and had she reported it sooner the outcome might have been different. They also noted that since Plaintiff reached out to a co-worker's spouse who was a witness and to another person outside the company, that it jeopardized their internal investigation.  Plaintiff never badgered any witness, all she did was tell the lady that Laredo might be calling her to get a statement and then it was later told to Plaintiff by the

bartender at the party that the employee was seen bringing in his own bottle of liquor.

4.12    During February 11-15, 2015, Plaintiff had been attending the NAPE convention each year with another Assistant where they setup the booth and worked the event representing Laredo. In 2015, Plaintiff was told by Mark Elliott that she would not be attending because they chose someone else to go, but she would get to go in 2016.

4.13    On April 15, 2015, Laredo had a quarterly E&P meeting in which Plaintiff and her boss put together the PowerPoint presentation from slides turned in from other employees. Plaintiff was also responsible for setting up the conference room and ordering in breakfast and lunch for the day. During this quarter, Plaintiff had noticed Mr. Randy Foutch, CEO, was more distant from her than he had been in the past. In the past he had always given Plaintiff a big bear hug. He would not even look at Plaintiff and barely spoke a word to her. At that moment she began to wonder if he were upset with Plaintiff because Plaintiff filed a sexual harassment charge.

4.14    On October 9, 2015, Plaintiff was assaulted in the parking lot after a football game and suffered a broken nose, concussion, and eye damage. Blood clots developed behind her eye. She emailed her boss informing him of the incident and submitted a picture so he would see the severity of her injuries. Plaintiff was informed by the HR department that she would qualify for FMLA since she would be out until December potentially. She completed the paperwork and had her physician sign the forms. She was then released by her doctor in early November to work 4 hours per day for 2 weeks. During this time on November 4-6, 2015, she handled the HFTS field trip project and all its logistics by herself and everything went flawlessly. Plaintiff received praise from the president of another company in attendance.

4.15    On November 16, 2015, Plaintiff overheard a conversation between her boss, Mark Elliott and his boss Pat Curth.  There was a thin partition between Elliott's office and Plaintiff's office, so Plaintiff was harassed and subjected to a hostile work environment by having to listen to her boss Mark Elliott plotting with Curth and others both in person and over the telephone about how they were going to set up and fire Plaintiff with false allegations and stories because Plaintiff had engaged in protected activity by complaining about sex harassment and discrimination at Laredo.

4.16    Pat Curth informed Mark Elliott that during a break at the recent Board of Directors meeting he told Randy Foutch about Plaintiff's incident in the parking lot.  He told Elliott that Foutch had some interesting things to say about Plaintiff and he asked Elliott if he knew why Foutch didn't like Plaintiff.  Elliott explained that yes he did have an idea why Foutch didn't like Plaintiff and it went back to the time she filed a sexual harassment claim against an employee and once HR did the investigation it was found that Plaintiff was handing out extra drink tickets to employees.  Elliott stated that since this incident Foutch became very distant with Plaintiff and his feelings changed.  Curth went on to ask Elliott if there was anything that would warrant a review of Plaintiff's job performance and Elliott explained no because she was a good employee.

4.17    Elliott went on to say that Plaintiff wasn't written up.  Elliott had just told Plaintiff that in the future to let Elliott pass out extra tickets and not her.  Curth went on to ask if there was anything Elliott could think of that they could use against Plaintiff to let her go.  Elliott explained the only thing that he could think of was one time when he was on vacation for a week Christi Adams in HR told him that Plaintiff had come in late a couple times and was out of the

office one time and she wasn't sure if he was aware of it. He told Curth that he didn't know Plaintiff was out that day but on the next review listed it as a goal and told other managers they should notify Elliott when she was out working for other departments. Elliott told Curth that Plaintiff wasn't written up for that and that she had never been written up for anything.

4.18    Mark went on to tell Pat that too many people were going to be wondering why Tina was gone and what all would she tell people who asked her. He told Pat that many people thought "highly" of her including Sr. VP Dan Schooley and Director of Investor Relations Ron Hagood.

4.19    Pat went on to say that Mark needed to compile a list of Tina's duties and gradually  stop giving her work. He stated that they could use the excuse that since Mark got a promotion and he would be spending more time in the Tulsa office that Danielle Lockmiller would now be Mark's assistant. Mark stated that yes that would work but for how long before people started getting suspicious, especially when he stopped traveling so much to the Tulsa office. Mark stated "she will start wondering what's going on because I already told her she wasn't going to the Tulsa office, so she will start putting it together if I stop giving her work." Pat asked Mark about her review and if there was anything he could think of that could be used against her and Mark stated again that no all her reviews were actually really good and she did a lot of work. Pat asked if her work could be divided up between the receptionist, Christi and Danielle. Mark said probably and to give him the next few weeks to see what all Plaintiff was doing and then he would compile a list and decide who could take on those tasks.

4.20    Pat told Mark that Laura Lundquist, Vice President of Human Resources, had already called and talked to Christi Adams and explained what was going on and asked if she

PLAINTIFF'S ORIGINAL PETITION -
Tina Strambler v. Laredo Petroleum and Mark Elliott                                                    PAGE 8

would be willing to take back the office manager duties. Elliott stated that Christi Adams told her yes she could and also that the receptionist Dianna Mendez could really use more work to keep her busy.

4.21   Mark asked Pat if Laredo would offer Plaintiff a severance package because he believed that would be the fair thing to do and Pat said he would get with Laura Lundquist and she would prepare something.

4.22 On September 5, 2016, since Plaintiff overheard those conversations, Mark had been very distant with Plaintiff and limited on giving Plaintiff any work. Plaintiff saw multiple meetings being set up but Danielle Lockmiller, assistant to Pat Curth in the Tulsa office, had been handling these. Mark and Plaintiff used to spend 30 minutes daily just talking and catching up and he barely had spoken to Plaintiff. He was on vacation from September 12-26.

4.23   Plaintiff filed a charge of discrimination with the EEOC on September 30, 2016.

4.24 The Laredo investigation found wrongdoing by Roger Padron but he nevertheless continued as Lease Operator for Defendant.

4.25   Plaintiff was terminated from the job and a career path she had both earned and needed on September 30, 2016.  Mark Elliott and Christi Adams met with Plaintiff at 8:15 a.m. where Elliott explained to Plaintiff that her position was being eliminated and that Danielle Lockmiller in the Tulsa office would now be his assistant.  Christi Adams explained the severance package that Laredo was offering Plaintiff.  She was then escorted out of the building by Christi Adams.

4.26   On December 6, 2016 Plaintiff drove home and witnessed 5 City of Midland police cars in front of her home.  She immediately called her husband as she had no clue why

they would be at their home.  Her husband told her to pull around to the house and see what they

wanted.  As Plaintiff approached the house one officer turned his lights on and trailed her until

she got around the corner.  At this time the officer came to the car and asked Plaintiff for

identification.  Plaintiff asked officer what this was about and why she was pulled over.  The

officer continued to ask for Plaintiff's identification.   Plaintiff gave the officer her driver's

license and the officer signaled the other officers that the identification matched and she told

Plaintiff to get out of the car.

4.27    Plaintiff continued to ask what this was about but the officer still refused to tell

her and then raised her voice saying, "ma'am get out of the car now".  Plaintiff opened the door

and got out.  The officer immediately turned Plaintiff around and put handcuffs on her.  Plaintiff

was terrified and continued to ask what was going on.  The officer told Plaintiff that there was a

warrant for her arrest.  Plaintiff was confused and asked what for.  The officer then said to wait

on her sergeant and he would explain.

4.28    Plaintiff waited handcuffed until the Sergeant came over and explained that there

was a warrant to arrest Plaintiff for theft of property.  Plaintiff was in total shock and had no idea

what this could possibly be about.  Then Plaintiff was put inside a patrol car and driven to the

police station to meet with a detective.  Once the detective came in he explained to Plaintiff that

Laredo Petroleum contacted them because they claimed that Plaintiff had used her company

assigned credit card to make personal purchases on airlines and altered receipts to reflect a

different name.  Plaintiff told the detective that she had permission from her boss Mark Elliott to

make those transactions, how to handle the processing of the receipts, and said he would approve

them.

PLAINTIFF'S ORIGINAL PETITION -
Tina Strambler v. Laredo Petroleum and Mark Elliott                                              PAGE 10

4.29    Plaintiff then ended the meeting and they took her to the booking area at the jail. Plaintiff's bond was set at $25,000. Since it was after 5pm when Plaintiff arrived at the jail she was not able to post bond because Plaintiff had to see a magistrate. Plaintiff saw the judge the following day. Plaintiff had to physically sit on a metal bench in freezing temperatures for over 40 hours before being bonded out even though her husband paid the bond fee the same day she was arrested. Plaintiff was booked on Tuesday, December 6, 2016 at around 5 p.m. and was released on Thursday, December 8, 2016 at around 11 a.m.

4.30    Plaintiff's character was defamed because the local News West 9 station aired the arrest with Plaintiff's mugshot. Plaintiff wasn't indicted on the theft charges until April 12, 2017. Defendant Laredo retaliated against Plaintiff by filing these criminal charges because of Plaintiff's filings with the EEOC against them.

## V.

### FIRST COUNT

### <u>SEX DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE ENVIRONMENT, AND RETALIATION</u>

5.01    The foregoing paragraphs of this Petition are incorporated in this Count by reference as fully as if set forth at length herein.

5.02    Defendant Laredo acted intentionally and/or recklessly toward Plaintiff by participating in and/or having knowledge of one or more of the following:

    (a)    Laredo failed to instruct its employees regarding sexual harassment;

    (b)    Laredo's manager Roger Padron subjected Plaintiff to unwelcome sexual assault;

    (c)    Although Plaintiff complained to Laredo's HR director, Laredo failed and refused to take necessary corrective action as to sexual misconduct of Roger Padron;

<u>PLAINTIFF'S ORIGINAL PETITION</u> -
**Tina Strambler v. Laredo Petroleum and Mark Elliott**                                               **PAGE 11**

(d)     Laredo's President Foutch retaliated against Plaintiff for engaging in protected activity by complaining of sex harassment at Laredo in a continuous course of action from the harassment right up to the time Plaintiff was terminated.

(e)     Even after Plaintiff had been terminated Laredo continued the retaliation against Plaintiff by having her arrested and jailed for conduct which had been approved by Plaintiff's boss Mark Elliott, who had himself engaged in the same transactions.

(f)     Plaintiff was harassed and subjected to a hostile work environment by having to listen through her thin office partition to all of the plotting by Plaintiff's boss Elliott, his boss Curth, and various other Laredo employees on ways to terminate Plaintiff and retaliate against her while at the same time covering up their plans and schemes.

5.03    As a result of Laredo's acts of discrimination, harassment and retaliation Plaintiff has suffered a loss of back pay, front pay, compensatory damages, attorney's fees and expert fees, for which Plaintiff sues.

5.04    Defendant Laredo knew or had reason to know of facts that created a high degree of risk of harm to Plaintiff, and either failed to act, were indifferent to, and/or acted in conscious disregard of this risk.  The actions and conduct of Laredo through its vice presidents and managers were extreme and outrageous, and caused Plaintiff severe mental, emotional and physical distress.  Plaintiff therefore seeks damages for past and future severe emotional distress in an amount in excess of the minimum jurisdictional limit of this Court.

5.05    Defendant Laredo's actions and conduct were harassing, oppressive and malicious.  The wrongs done by Laredo were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff therefore seeks exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI.

## SECOND COUNT

## DEFAMATION

6.01   The foregoing paragraphs of this Petition are incorporated in this Count by reference as fully as if set forth at length herein.

6.02   Defendants Laredo and Elliott jointly and severally, and in conspiracy with each other, falsely accused Plaintiff of theft of company funds when Plaintiff's boss Elliott had approved transactions, which he himself had engaged in, told Plaintiff how to handle the transactions and said he would approve them.  The charges by Defendants against Plaintiff have injured the reputation of Plaintiff and thereby exposed her to public hatred, contempt or ridicule and financial injury, and have impeached Plaintiff's honesty, integrity and virtue and her reputation.  Such charges were also implied defamations and defamatory by innuendo.

6.03   Defendants have published the aforesaid charges widely and the charges were published by a local TV station together with other slanderous and libelous statements either knowing that they were false, or with heedless and reckless disregard of whether they were false, and without any factual basis.  Publication of such libels and slanders with reckless disregard for the truth or falsity of the statements made constitutes actual malice on the part of Defendants.  In addition to publication by Defendants, Defendants could reasonably have foreseen that Plaintiff would herself be compelled to disclose the libels and slanders, thus resulting in self-publication.

5.04 As a direct and proximate result of Defendants' false and libelous statements, Plaintiff has endured shame, embarrassment, humiliation and mental, emotional and physical pain and anguish.  Additionally, Plaintiff is and will in the future be seriously injured in her good

name, reputation in the community and career and exposed to the hatred, contempt and ridicule of the general public, as well as of her friends and relatives.  The publishing of such statements complained of constitutes slander and libel per se, and such publications are libelous and actionable pursuant to Section 73.001 of the Tex. Civ. Prac. & Rem. Code and pursuant to common law.  Plaintiff therefore seeks general damages for a sum far in excess of the minimum jurisdictional limit of this Court.

6.05  Such conduct was committed with malice, in that Laredo and Elliott acting through their authorized managers and employees, acting in the course and scope of their employments, specifically intended to cause substantial injury to Plaintiff or, in the alternative, committed an act or omission which, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.  The corporate Defendant authorized the doing and the manner of the acts, or its employees were unfit and the corporate Defendant was reckless in employing them, or the employees were employed in managerial capacities and were acting in the course and scope of employment, or the corporate Defendant or its managers ratified or approved the acts.  Therefore, each Defendant is liable to Plaintiff for exemplary damages for an amount in excess of the minimum jurisdictional limit of this Court, for which Plaintiff sues.

## VII.

### JURY TRIAL DEMANDED

7.01    Plaintiff demands trial by jury on all issues raised by her Petition.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited

to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief

against Defendants jointly and severally:

1.    Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future damages to reputation;

2.    Past and future compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

3.    Damages for past and future mental anguish and emotional distress;

4.    Exemplary and punitive damages in an amount determined by the trier of fact;

5.    Prejudgment and postjudgment interest at the maximum legal rate;

6.    All costs of court; and

7.    Such other and further relief to which Plaintiff may be justly entitled.

Dated: This 31st day of May, 2017.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: _/s/ W.D. Masterson_
      W.D. MASTERSON
      State Bar No. 13184000

3109 Carlisle
Dallas, TX 75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 - Fax
wdm@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF
TINA STRAMBLER**

EEOC Form 161-B (11/16)

U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Tina Strambler**<br>4308 Reading<br>Midland, TX 79707 | From: **Dallas District Office**<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2016-04569 | **Belinda F. McCallister,**<br>**Acting District Director** | (214) 253-2850 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MAY 0 9 2017

Enclosures(s)

**Belinda F. McCallister,**
**Acting District Director**

*(Date Mailed)*

cc:
Angella H. Myers, Attorney
THE MYERS LAW GROUP, LLP
(Laredo Petroleum)
8144 Walnut Hill Lane, Suite 390
Dallas, TX 75231

W.D. Masterson
KILGORE LAW
3109 Carlisle Street
Dallas, TX 75204

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing
the Public

Ruth R. Hughs
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing
Labor

Larry E. Temple
Executive Director

## NOTICE OF COMPLAINANT'S RIGHT TO FILE CIVIL ACTION

May 15, 2017

Tina Strambler
c/o W.D. Masterson
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, TX 75204

Re:   **Tina Strambler v. Laredo Petroleum**
        EEOC Complaint # 450-2016-04569

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - *et seq.*

Sincerely,

Lowell A. Keig, Director
Civil Rights Division

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:
Laredo Petroleum
c/o: Angella H. Myers
The Myers Law Group, LLP
8144 Walnut Hill Lane, Ste 390
Dallas, TX 75231

101 E. 15ᵗʰ Street, Guadalupe CRD • Austin, TX 78778-0001• (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS

Appendix 020

```
CAS101                            DOCKET BOOK REPORT                     PAGE   1

CASE # CV53446                  COURT: 142ND DISTRICT COURT           06/29/2017
CAUSE: ALL OTHER CIVIL CASES
STYLE: TINA STRAMBLER              VS LAREDO PETROLEUM
                                     AND MARK ELLIOTT

                                       PLAINTIFF

NAME                                             ATTORNEY


STRAMBLER,TINA              P                    MASTERSON,W.D.
                                                 3109 CARLISLE
                                                 DALLAS, TEXAS 75204-2471
                                                 214-969-9099


                                       DEFENDANT

NAME                                             ATTORNEY


ELLIOT,MARK                D                     MYERS,ANGELLA H
508 W. WALL STREET                               8144 WALNUT HILL LANE, SUITE 3
MIDLAND, TEXAS 79701                             DALLAS, TEXAS 75231
                                                 972-781-2400


LAREDO PETROLEUM           D                     MYERS,ANGELLA H
REG AGENT CT CORP. SYSTEM                        8144 WALNUT HILL LANE, SUITE 3
1999 BRYAN ST., SUITE 900                        DALLAS, TEXAS 75231
DALLAS, TEXAS 75201
                                                 972-781-2400


                               _____

TRANSACTIONS FOR ALL PARTIES                     / /      THRU   / /

05/31/2017          F/CIVIL CASE INFORMATION SHEET/JW                 I     1
STRAMBLER,TINA
05/31/2017          F/PLAINTIFF'S ORIGINAL PETITION/JW                I    18
STRAMBLER,TINA
05/31/2017          DOCKET SHEET/VP
STRAMBLER,TINA
06/01/2017          I/CITATION/RETURN TO ATTORNEY/JW
LAREDO PETROLEUM
06/01/2017          I/CITATION/RETURN TO ATTORNEY/JW
ELLIOT,MARK
06/02/2017          /SA                               328.00-
STRAMBLER,TINA
06/02/2017          RECD FROM WILMER MASTERSON/SA      328.00
STRAMBLER,TINA
06/09/2017          F/CITATION SERVED 06/07/2017/AC                   I     3
ELLIOT,MARK
06/13/2017          F/CITATION SERVED 06/06/2017/AC                   I     3
LAREDO PETROLEUM
06/27/2017          F/DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE     I     4
LAREDO PETROLEUM    DEFENSES/ALG
```

EXHIBIT
A-3

CV53446

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
W.D. MASTERSON
3109 CARLISLE


ABENY CHAVEZ

DALLAS, TEXAS 75204-2471

**THE STATE OF TEXAS**

**NOTICE TO MARK ELLIOT:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO: MARK ELLIOT,**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **142ND DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **May 31st, 2017**

The file number of said suit being: **CV53446**

The style of the case is:

**TINA STRAMBLER
V.
LAREDO PETROLEUM AND MARK ELLIOTT**

A copy of **PLAINTIFF'S ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Midland, Texas, on June 01st, 2017.

**ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS**

By: _Jaylynn White_
JAYLYNN WHITE , Deputy

EXHIBIT
A-4

**OFFICER'S RETURN**

CV53446                    **142ND DISTRICT COURT**

**TINA STRAMBLER**
**V.**
**LAREDO PETROLEUM AND MARK ELLIOTT**

**ADDRESS FOR SERVICE:**
**MARK ELLIOT**
**508 W. WALL STREET**
**MIDLAND, TEXAS 79701**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:

Name                              Date/Time                    Place/Location

_____    _____    _____

**NOT EXECUTED FOR THE FOLLOWING REASON:** _____

The diligence used in finding said defendant being: _____

and the cause of failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

**FEES FOR SERVICE $_____**                   _____, County, Texas
(Of Citation)
By: _____, Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**

**VERIFICATION**

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address
                        (First, Middle, Last)
Is _____.
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____          _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

Appendix 023



CAUSE NO. CV53446

| | |
|---|---|
| TINA STRAMBLER CORPORATION | IN THE DISTRICT COURT |
| VS. | 142ND JUDICIAL DISTRICT |
| LAREDO PETROLEUM AND MARK ELLIOT | MIDLAND COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

STATE OF TEXAS        §
COUNTY OF MIDLAND    §

BEFORE ME, the undersigned authority, on this day personally appeared TERESA CORNELIUS who, after being by me duly sworn, upon his oath, deposes and states as follows:

"My name is TERESA CORNELIUS. I am over the age of 18 years. I am authorized and certified by the Texas Supreme Court to deliver civil process in and for the State of Texas, Texas Supreme Court No. SCH2545. My expiration date is March 31, 2019. I am not associated with the parties hereto nor interested in the outcome of this matter. I am fully competent to make this Affidavit. The statements and facts stated herein are true and correct of my own personal knowledge.

On June 6, 2017, at 6:40 p.m., I received in my hand, a Citation and Plaintiff's Original Petition for service of process on Defendant, Mark Elliot.

On June 7, 2017, at 11:53 a.m., I delivered the stated Citation and Plaintiff's Original Petition to Mark Elliot, in person at 4001 N. Midland Drive, Midland, Texas, 79707, (retail store parking lot), after having first endorsed thereon the date of delivery.

Further Affiant sayeth naught."

_Teresa Cornelius_
TERESA CORNELIUS, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME under my official hand and seal of office on this the ____ day of June, 2017, by TERESA CORNELIUS.

Notary Public, State of Texas

ELOIS KAY D____
Notary Public, State of Texas
My Commission Expires
December 10, 2015

Filed 6/13/2017 11:23:42 AM
Ross Bush
District Clerk
Midland County, Texas

CITATION                          CV53446

**CLERK OF THE COURT**                    **ATTORNEY REQUESTING SERVICE:**
Ross Bush                                 W.D. MASTERSON
District Clerk                            3109 CARLISLE
500 N. Loraine Street, Suite 300
Midland, Texas 79701                      DALLAS, TEXAS 75204-2471

ABENY CHAVEZ

**THE STATE OF TEXAS**

**NOTICE TO LAREDO PETROLEUM:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE
EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION
AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

TO: **LAREDO PETROLEUM**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before
10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,
before the **142ND DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland,
Texas.

Said petition was filed on: **May  31st, 2017**

The file number of said suit being: **CV53446**

The style of the case is:

**TINA STRAMBLER**
**V.**
**LAREDO PETROLEUM AND MARK ELLIOTT**

A copy of **PLAINTIFF'S ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in
Midland, Texas, on June 01st, 2017.

                                        ROSS BUSH
                                        DISTRICT CLERK
                                        MIDLAND COUNTY, TEXAS

                                    By: _Jaylynn White_
                                        JAYLYNN WHITE , Deputy

**EXHIBIT**
**A-5**

## OFFICER'S RETURN

CV53446                    142ND DISTRICT COURT

TINA STRAMBLER
V.
LAREDO PETROLEUM AND MARK ELLIOTT

**\*\*SEE ATTACHED\*\***
**\*\*\*AFFIDAVIT\*\*\***

ADDRESS FOR SERVICE:
LAREDO PETROLEUM
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST., SUITE 900
DALLAS, TEXAS 75201

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:

Name                          Date/Time              Place/Location
_____     _____     _____
_____     _____     _____

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

FEES FOR SERVICE $_____ **\*\* SEE ATTACHED \*\***_____, County, Texas
   (Of Citation)

**\*\*\* AFFIDAVIT \*\*** By: _____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

### VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.** In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address
                     (First, Middle, Last)

Is _____.
   (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

**\*\* SEE ATTACHED \*\***

_____
Declarant/Authorized Process S**AFFIDAVIT \*\*\***          (Id # & expiration of certification)

**CAUSE NO. <u>CV53446</u>**

| | | |
|---|---|---|
| TINA STRAMBLER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff(s), | § | |
| VS. | § | 142ND JUDICIAL DISTRICT |
| | § | |
| LAREDO PETROLEUM and MARK | § | |
| ELLIOT | § | |
| Defendant(s). | § | MIDLAND COUNTY, TEXAS |

## <u>RETURN OF SERVICE</u>

Came to my hand on Monday, June 5, 2017 at 2:37 PM,
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **10:20 AM**, on Tuesday, June 6, 2017,
by individually and personally delivering to the within named:

### LAREDO PETROLEUM

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Agent, LAURA PEREZ**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

BEFORE ME, the undersigned authority, on this day personally appeared **Ryan McColm** who after being duly sworn on oath states: "My name is **Ryan McColm**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

**Ryan McColm**

Of: **Dallas County**

By:
Authorized Person - SCH6317 - Exp 01/31/19

Subscribed and Sworn to by Ryan McColm, Before Me, the undersigned authority, on this
_____ day of June, 2017.

MICHAEL S. HARP
Notary Public
STATE OF TEXAS
ID#12499606-6
My Comm. Exp. July 23, 2020

Notary Public in and for the State of Texas

Appendix 027

CV53446

Filed 6/27/2017 10:32 AM
Ross Bush
District Clerk
Midland County, Texas

CAUSE NO. CV53446

Angela L. Gardea

| | | |
|---|---|---|
| TINA STRAMBLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 142nd JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| LAREDO PETROLEUM and | § | |
| MARK ELLIOTT, | § | MIDLAND COUNTY, TEXAS |
| | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW DEFENDANTS LAREDO PETROLEUM, INC. ("Laredo Petroleum") and MARK ELLIOTT ("Elliott") (collectively, "Defendants") filing their Original Answer and Affirmative Defenses in response to Plaintiff's Original Petition.

### I.   GENERAL DENIAL

1. Defendants deny, generally and specifically, each and every, all and singular, the allegations in Plaintiff's Original Petition. Defendants require Plaintiff to prove her cause of action against them by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

2. In further response to Plaintiff's Original Petition, without shifting burden of proof on any issue for which Plaintiff bears the burden, Defendants plead the following additional and/or affirmative defenses. To the extent any of the following defenses and/or legal theories may be interpreted as being inconsistent, they are pleaded in the alternative.

3. Defendants affirmatively state that all actions of Defendants were legal and taken for legitimate, non-discriminatory, and non-retaliatory reasons.

4. Plaintiff has failed to state a claim upon which relief can be granted.

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

EXHIBIT
A-6

5. Defendants affirmatively state that some or all of Plaintiff's claims set forth in Plaintiff's Original Petition are barred by the applicable statute of limitations.

6. Defendants affirmatively state that Plaintiff's alleged damages may be limited or barred by a failure to mitigate.

7. Defendants are not liable to Plaintiff because her own acts or omissions proximately caused or contributed to her alleged injuries.

8. Defendants have no liability to Plaintiff because any statements made by Defendants are completely or substantially true and correct.

9. Defendants affirmatively assert and invoke the limitation on liability for exemplary damages as provided in Chapter 41 of the *Texas Civil Practice and Remedies Code*. The limits of liability should be in conformance with the *Texas Civil Practice and Remedies Code*.

10. Defendants specifically deny that Plaintiff is entitled to any damages, and more specifically, Defendants have not taken any actions that are malicious, oppressive or would otherwise entitle Plaintiff to exemplary damages. Defendants specifically deny that the harm with respect to which Plaintiff seeks recovery of exemplary damages or punitive damages resulted from malice, willful acts or omissions.

11. Defendants have no liability to Plaintiff because Plaintiff has caused harm and injury to Defendant Laredo Petroleum, and Plaintiff owes amounts to Defendant in excess of any supposed damages Plaintiff alleges. Defendant Laredo Petroleum is entitled to offset against any damages Plaintiff could prove, if any.

### III.   RIGHT TO AMEND

12. Defendants reserve the right to further amend and/or supplement this Answer at a future date, as is their right under the Texas Rules of Civil Procedure.

### IV.   REQUEST FOR ATTORNEYS' FEES

13. Defendants are entitled to attorneys' fees pursuant to Section 38 of the Texas Civil Practice and Remedies Code.

14. In further responding, Plaintiff's claims against Defendants are frivolous and are brought in bad faith solely for purposes of harassment. Additionally, Plaintiff instituted this action without reasonable inquiry to determine whether it was well-grounded in fact and warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law. Accordingly, the Court should award Defendants all reasonable attorneys' fees and expenses incurred in defending this groundless action.

### V.   PRAYER

**WHEREFORE,** premises considered, Defendants pray that judgment be granted in their favor and against Plaintiff in all respects, such that Plaintiff take nothing, and that her cause of action be dismissed in total, with full prejudice, and at Plaintiff's cost. Additionally, Defendants pray to recover their attorneys' fees, costs, any and all damages, expenses, interest and such other relief to which Defendants may be entitled at law or in equity.

Appendix 030

Respectfully submitted,

**THE MYERS LAW GROUP, LLP**

By:     /s/ Angella H. Myers
      Angella H. Myers
      Texas Bar No. 24027229
      amyers@myerslawllp.com
      Janice S. Parker
      Texas Bar No. 15488050
      jparker@myerslawllp.com
      Kathleen Cruz
      Texas Bar No. 24097553
      kcruz@myerslawllp.com

      8144 Walnut Hill Lane, Suite 390
      Dallas, Texas 75231
      Telephone:   (972) 781-2400
      Facsimile:   (972) 781-2401

      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of this pleading was served upon all counsel via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] hand delivery, [√] Notice of Electronic Court Filing on this **27th** day of **June**, 2017.

      W.D. Masterson
      Kilgore & Kilgore, PLLC
      3109 Carlisle
      Dallas, Texas 75204-2471
      (214) 969-9099
      (214) 953-0133 (fax)
      wdm@kilgorelaw.com

      *Counsel for Plaintiff*

                /s/ Angella H. Myers
                Angella H. Myers

**RECEIVED**

# CHARGE OF DISCRIMINATION

| | | AGENCY | | CHARGE NUMBER |
|---|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DALLAS DISTRICT** | | ☐ FEPA  ☐ EEOC | | 450-2016-04569 |

| TEXAS COMMISSION ON HUMAN RIGHTS | | and EEOC |
|---|---|---|
| State or local Agency, if any | S.S. No. | 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 |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Mrs. Tina Strambler | (432) 528-0791 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4308 Reading | Midland, TX 79707 | 12/14/76 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Laredo Petroleum, Inc. | 200+ | (918) 513-4570 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 508 W. Wall, Suite 600 | Midland , Texas 79707 | Midland |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE  ☒ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☒ OTHER (Specify) | EARLIEST (ADEA/EPA)    LATEST (ALL)  December 6, 2014    Present   ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:**

On December 6, 2014, I was sexually harassed by Roger Padron, a co-worker at a Laredo Petroleum office party. I complained to HR. HR made me feel like the incident was my fault because I waited for a few days after the incident to complain.

The President of Laredo, Randy Foutch, took offense that I had complained and began retaliating against me for filing a formal complaint by making it clear to his subordinates like my boss, Mark Elliott, that he didn't like me.

(Continued on attached addendum...)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary for State and Local Requirements) |
|---|---|
| | SARAH COTTON ID #13007855-6 My Commission Expires January 15, 2019 |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 9/22/16  *Tina Strambler*  Date   Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)  22 SEPT 2016  *Sarah Cotton* |

RECEIVED

**EXHIBIT
B**

## ADDENDUM TO CHARGE OF DISCRIMINATION

### PERSONAL HARM

1.  On December 6, 2014, I was sexually harassed by Roger Padrow, a co-worker at a Laredo Petroleum office party.  I complained to HR.  HR made me feel like the incident was my fault because I waited for a few days after the incident to complain.

2.  The President of Laredo, Randy Foutch, took offense that I had complained and began retaliating against me for filing a formal complaint by making it clear to his subordinates like my boss, Mark Elliott, that he didn't like me.

3.  On October 9, 2015, I was assaulted in a parking lot after a football game, suffering a broken nose, concussion, eye damage, and blood clots behind my eye. I took FMLA leave to recover from the disability.  I overheard a discussion between my boss and his supervisor, Pat Curth, in which Curth told my boss that when Curth told the president about the incident in the parking lot, the President made it known that he did not like me.  My boss replied to Curth that the dislike stemmed from the sex harassment incident at the office party.

4.  The wall between the offices of myself and my boss were thin enough that commencing in August 2016, I overheard conferences between my boss and Curth that I was going to be fired because of the continuing retaliation by the president stemming from the time when I reported being sexually harassed.  Having to listen their plans and schemes to fire me because the president wanted to discriminate against me, and their discussions of how to arrive at a pretext to justify the firing was very harassing to me, and the situation created a very hostile environment based on my gender.

5.  I had to consult with my doctor to try to cope with the situation, which was causing me to cry and be depressed constantly at work.

### RESPONDENT'S REASON FOR ADVERSE ACTION

I had to listen to my managers plot and try to come up with some pretextual reason to coverup their discriminatory and retaliatory firing.  They discussed using the pretext that there was not enough work for me to do, which was not true.

### DISCRIMINATION STATEMENT

The harassment subjecting me to a hostile environment, and the discrimination and retaliatory firing of myself based upon my gender, female, and my disabilities from the parking lot attack, violated the anti-discrimination provisions of Title VII of the Civil Rights Act of 1968, the Americans with Disabilities Act, and the comparable provisions of Chapter 21 of the Texas Labor Code.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TINA STRAMBLER, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LAREDO PETROLEUM and | § | |
| MARK ELLIOTT, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF MARK ELLIOTT

1.      My name is Mark Elliott.  I am of sound mind, capable of making this Declaration and personally acquainted with the facts stated herein.  I am over the age of 18 years and have never been convicted of a felony or any crime of moral turpitude.  I am also competent to testify to the matters contained in this Declaration.  Every statement made in this Declaration is made on my personal knowledge and is true and correct.

2.      I am one of the Defendants in the litigation noted above.

3.      Every statement in *Defendants' Notice of Removal* is true and correct to the best of my personal knowledge.

4.      I consent, without waiving and specifically reserving all rights, defenses, objections, and exceptions, to the removal by Defendants of this matter, styled *Tina Strambler v. Laredo Petroleum and Mark Elliott*, bearing Cause No. CV53446, in the 142nd Judicial District Court of Midland County, Texas, to this Federal District Court in the Western District of Texas, Midland-Odessa Division.



This Declaration was executed on the 2 8 th day of June, 2017.

**Mark Elliott**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TINA STRAMBLER, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LAREDO PETROLEUM and | § | |
| MARK ELLIOTT, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## <u>DECLARATION OF AMANDA THRASH</u>

1.      My name is Amanda Thrash.  I am of sound mind, capable of making this Declaration and personally acquainted with the facts stated herein.  I am over the age of 18 years and have never been convicted of a felony or any crime of moral turpitude.  I am also competent to testify to the matters contained in this Declaration.  Every statement made in this Declaration is made on my personal knowledge and is true and correct.

2.      Laredo Petroleum, Inc. ("Laredo Petroleum") is one of the Defendants in the litigation noted above.

3.      My position with Laredo Petroleum, Inc. is Corporate Counsel.  I have been Corporate Counsel since approximately May 2014.

4.      Every statement in *Defendants' Notice of Removal* is true and correct to the best of my personal knowledge.

5.      I consent, as a representative of Defendant Laredo Petroleum, without waiving and specifically reserving all rights, defenses, objections, and exceptions, to the removal by Defendants of this matter, styled *Tina Strambler v. Laredo Petroleum and Mark Elliott*, bearing



Cause No. CV53446, in the 142nd Judicial District Court of Midland County, Texas, to this

Federal District Court in the Western District of Texas, Midland-Odessa Division.


This Declaration was executed on the 28 th day of June, 2017.


**Amanda Thrash as**
**Corporate Counsel of**
**Laredo Petroleum, Inc.**

CAUSE NO. CV53446

| | | |
|---|---|---|
| TINA STRAMBLER, | § | IN THE DISTRICT COURT |
| | § | |
|     Plaintiff, | § | |
| v. | § | 142nd JUDICIAL DISTRICT |
| | § | |
| LAREDO PETROLEUM and | § | |
| MARK ELLIOTT, | § | MIDLAND COUNTY, TEXAS |
| | § | |
| | § | |
|     Defendants. | § | **JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that on the **29th** day of **June**, 2017, a Notice of Removal in the above-captioned case was filed in the United States District Court for the Western District of Texas, Midland-Odessa Division. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

**THE MYERS LAW GROUP, L.L.P**

By:    */s/ Angella H. Myers*
      **Angella H. Myers**
      **State Bar No. 24027229**
      amyers@myerslawllp.com
      **Janice S. Parker**
      **State Bar No. 15488050**
      jparker@myerslawllp.com
      **Kathleen Cruz**
      **State Bar No. 24097553**
      kcruz@myerslawllp.com

      8144 Walnut Hill Lane, Suite 390
      Dallas, Texas  75231
      Telephone:  (972) 781-2400
      Facsimile:  (972) 781-2401

*ATTORNEYS FOR DEFENDANTS*


EXHIBIT
E

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of this pleading was served upon all counsel via [  ] United States mail, certified, return receipt requested, [  ] United States regular mail, [  ] facsimile, [√] email, [√] Notice of Electronic Court Filing on this **29th** day of **June, 2017**.

W.D. Masterson
Kilgore & Kilgore, PLLC
3109 Carlisle
Dallas, Texas 75204-2471
(214) 969-9099
(214) 953-0133 (fax)
wdm@kilgorelaw.com

*Counsel for Plaintiff*

*/s/ Angella H. Myers*
Angella H. Myers

Appendix 039